UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PEGGY MOUSAW,

                      Plaintiff,

    -against-

BOARD OF EDUCATION of the COLTON PIERREPONT
CENTRAL SCHOOL DISTRICT, STEPHEN KNIGHT,
JEFFREY ANGLEBERGER, SHARON ANDREWS,
SUSAN COLLINS, SHELLI PRESPARE-WESTON AND
LAWRENCE PECK, Individually and in their capacity as
School Board Members, MARTIN BREGG, Individually and    Civil Action No. 7:07-CV-1006
as Superintendent of Schools, ANDREW SILVER, ESQ.,
Individually and in his capacity as Attorney for the Colton-    (DNH/GJD)
Pierrepoint Central School District, DAVID WHITE,
Individually and in his capacity as Business Manager, District
Treasurer and Investment Officer, and JEFF BRISTOL,
Individually and in his capacity as Clerk of the Works,
PUBLIC SECTOR H.R. Consultants, L.L.C. and RONNI
TRAVERS, and R.P. TROUTMAN AND ASSOCIATES,
INC., Individually, and in their capacity as Investigators for
the Colton-Pierrepont Central School District,

                      Defendants.
_____

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT JEFF BRISTOL'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56(b)**

                                               **FitzGerald Morris Baker Firth P.C.**
                                               Attorneys for Defendant Jeff Bristol
                                               16 Pearl Street
                                               P.O. Box 2017
                                               Glens Falls, NY 12801
                                               (518) 745-1400

**Table of Authorities**

**Cases:**

Brentwood Academy v. Tennessee Secondary School Athletic Assn., 531 U.S. 288, 121 S.Ct. 924 (2001)……………………………………………………………………………....2

Cordova v. Vaughn Mun. School Dist. Bd. of Educ., 3 F.Supp.2d 1216 (D.N.M. 1998)...………3

Grier v. Johnson, 232 A.D.2d 846, 648 N.Y.S.2d 764 (3rd Dept. 1996)………………………..8-9

Jackson v. Metro. Edison Co., 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974)………...…2-3

Klein v. City of Yonkers, 53 N.Y.2d 1011, 425 N.E.2d 865, 442 N.Y.S.2d 477 (1981)…………5

Paskiewicz v. N.A.A.C.P., 216 A.D.2d 550, 628 N.Y.S.2d 405 (2nd Dept. 1995)
 *lv denied* 87 N.Y.2d 807, 664 N.E.2d 895, 641 N.Y.S.2d 829 (1996)…………………………...9

Rosenberg v. MetLife, Inc., 8 N.Y.3d 359, 834 N.Y.S.2d 494 (2007)……………………………8

Sanderson v. Bellevue Maternity Hosp., Inc., 259 A.D.2d 888, 686 N.Y.S.2d 535
(3rd Dept. 1999)……………………………………………………………………………………8

Serkil L.L.C. v. City of Troy, 259 A.D.2d 920, 686 N.Y.S.2d 892 (3rd Dept. 1999)
*app denied* 93 N.Y.2d 811, 716 N.E.2d 698, 694 N.Y.S.2d 633 (1999)………………………….5

Tancredi v. Metropolitan Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003)……………………….2

West v. Atkins, 487 U.S. 42, 108 S.Ct. 2250 (1988)……………………………………………...3

## PRELIMINARY STATEMENT

Defendant Jeff Bristol ("Bristol"), by and through his attorneys, FitzGerald Morris Baker Firth P.C., submits this Memorandum of Law in reply to plaintiff's opposition to his motion for summary judgment, dismissing plaintiff's Amended Complaint in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure (hereinafter, "FRCP") 56(b), and in further support of the motion.

Even viewing plaintiff's allegations in the light most favorable to the plaintiff, no genuine issue of material fact is presented and defendant is entitled to judgment as a matter of law. Thus, defendant's motion should be granted and the action should be dismissed as to defendant Bristol.

## LEGAL ARGUMENT

In his moving papers, defendant Bristol asserted facts showing that plaintiff's claims cannot be sustained. In opposition, plaintiff has wholly failed to set forth specific facts showing that there is a genuine issue for trial and defendant is entitled to judgment as a matter of law. Thus, defendant's motion should be granted and the action should be dismissed as to defendant Bristol.

In opposition to defendant Bristol's motion, plaintiff makes numerous allegations with respect to alleged shortcomings of the investigation that was conducted into defendant Bristol's sexual harassment complaint against plaintiff and whether charges against plaintiff, pursuant to the Education Law, should have been drafted and presented at a Board meeting. These allegations are simply irrelevant to the claims being presented against defendant Bristol in this action.

This is not an action to determine whether plaintiff sexually harassed defendant Bristol, whether charges should have been brought against plaintiff by the Board of Education or whether

plaintiff should have been removed from the Board.

Rather, this is an action for alleged violation of plaintiff's First Amendment rights, and for defamation, libel and slander. (Docket No. 82)  These claims remain unsubstantiated.

**POINT I**

**Plaintiff's Claims Against Defendant Bristol Pursuant to 42 U.S.C. §1983 Must Be Dismissed as No Genuine Issue of Material Fact Exists**

In opposition to defendant Bristol's motion, plaintiff fails to even address the fact that plaintiff has not even set forth any allegations against defendant Bristol pursuant to 42 U.S.C. §1983 in the First and Second Causes of Action in the Amended Complaint. The allegations in those Causes of Action refer only to the School District co-defendants and those Causes of Action should, therefore, be dismissed as to this defendant.

Furthermore, those Causes of Action must be dismissed as plaintiff has failed to meet her burden to establish that her Constitutional rights were violated and that the alleged deprivation of her Constitutional rights was committed by a person acting under color of state law.

Plaintiff has failed to demonstrate that defendant Bristol was acting under color of state law, which is required in order for plaintiff to state a claim against Bristol, pursuant to §1983.

When analyzing allegations of state action, the court must begin by identifying the specific conduct of which the plaintiff complains. Tancredi v. Metropolitan Life Ins. Co., 316 F.3d 308, 312 (2d Cir. 2003).

"State action may be found if, and only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Brentwood Academy v. Tennessee Secondary School Athletic Assn., 531 U.S. 288, 295, 121 S.Ct. 924, 930 (2001), quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351,

95 S.Ct. 449, 42 L.Ed.2d 477 (1974).

"It is firmly established that a defendant in a §1983 suit acts under color of state law when he abuses the position given to him by the State. …Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." West v. Atkins, 487 U.S. 42, 49-50, 108 S.Ct. 2250, 2255-2256 [internal citations omitted].

The mere fact that an individual is employed by the State is not determinative. As plaintiff herself sets forth in her opposition, "It is the person's function, not the terms of the employment or title, that determines whether his actions can fairly be attributable to the state." Cordova v. Vaughn Mun. School Dist. Bd. of Educ., 3 F.Supp.2d 1216, 1220 (D.N.M. 1998).

In the case at bar, plaintiff cannot meet her burden to establish that the alleged deprivation of her Constitutional rights was committed by a person acting under color of state law. Specifically, she cannot demonstrate that defendant Bristol was acting under color of state law when he reported that plaintiff had sexually harassed him and cooperated with the District and Board in investigating his claim, including by speaking with Ms. Travers, who had been hired to investigate the claim.

Plaintiff has failed to establish that such a close nexus existed between the State and defendant's Bristol's action in reporting the sexual harassment by plaintiff that the action is attributable to the State. Furthermore, plaintiff has failed to demonstrate that defendant Bristol was acting in his official capacity, or exercising any powers or responsibilities possessed by virtue of state law, when he reported the sexual harassment by plaintiff and spoke with the investigator hired by the District to investigate his complaint.

Plaintiff has failed to set forth how defendant Bristol was in any way involved in the

decisions made by the School District or Board. Plaintiff has not set forth that defendant Bristol had any authority over, and/or involvement in, any decisions made by the School District and/or Board. It is undisputed that defendant Bristol was never a member of the Board. In addition, he, was not entitled to, and did not, participate in any Board vote concerning charges against plaintiff, did not draft any disciplinary charges against plaintiff, and could not, and did not, vote in any election for Board members.

Plaintiff has failed to set forth that the alleged deprivation of plaintiff's rights by defendant Bristol was caused by the exercise of some right or privilege created by a person for whom the State is responsible, and, therefore, defendant Bristol cannot fairly be said to be a state actor. Defendant Bristol clearly did not abuse a position given to him by the State. He did not act in any official capacity and, as such, did not act under color of state law.

Plaintiff's counsel's bald allegation that "Bristol was the key to the whole undertaking since without his false allegations of sexual harassment none of the rest of the plan to get rid of Plaintiff could have occurred" is not only unsupported in the record, it is false and without merit. And it does not render Bristol a state actor.

The mere fact that defendant Bristol reported to the District that he was sexually harassed by plaintiff does not make him responsible for the independent acts of District representatives and Board members both before and after he made his complaint and certainly does not make him a state actor.

More importantly, however, plaintiff has failed to meet her initial burden to demonstrate that defendant Bristol in any way violated her rights pursuant to the First Amendment, which is fatal to her claims. In fact, she does not even address this issue in her opposition to the motion.

As set forth in the moving papers, plaintiff admitted at her deposition that she does not

4

claim that defendant Bristol tried to silence her  (Exhibit C-2, Docket No. 146-3, p. 103, l. 12-17), thereby infringing upon her First Amendment right to free speech.

The alleged actions by defendant Bristol upon which plaintiff relies, even if true, simply do not constitute a violation of plaintiff's constitutional rights.

Plaintiff has wholly failed to demonstrate that defendant Bristol deprived her of her right to free speech pursuant to the Constitution and the First and Second Causes of Action in the Amended Complaint must be dismissed, as a matter of law.

**POINT II**

**Plaintiff's Claims for Defamation, Libel and Slander Must be Dismissed as Time Barred**

Plaintiff alleges that the one year and ninety (90) day statute of limitations set forth in General Municipal Law §50-i(1) should be applied.  Even if that limitations period is applied, the Third, Fourth and Sixth Causes of Action seeking damages for intentional torts, must be dismissed as time barred.

The limitations period set forth in General Municipal Law §50-i(1) begins to run upon the happening of the event, irrespective of when the action accrued.  Klein v. City of Yonkers, 53 N.Y.2d 1011, 1012, 425 N.E.2d 865, 442 N.Y.S.2d 477 (1981); Serkil L.L.C. v. City of Troy, 259 A.D.2d 920, 921-22, 686 N.Y.S.2d 892, 894 (3rd Dept. 1999) *app denied* 93 N.Y.2d 811, 716 N.E.2d 698, 694 N.Y.S.2d 633 (1999).

Plaintiff's causes of action for defamation, libel and slander accrued on July 25, 2006, at the latest, as this was the date of the Board meeting at which plaintiff alleges that the allegedly defamatory charges were read (Docket Nos. 1, 82) and that the allegedly slanderous public statements were made by Defendants, individually and collectively. (Docket Nos. 1, 82)

However, the allegations against defendant Bristol are based upon the fact that on

5

February 16, 2006, Mr. Bristol reported that plaintiff had sexually harassed him on October 27, 2005. (Docket Nos. 1, 82)  Plaintiff does not allege that defendant Bristol otherwise "published" the allegation or that he was personally involved in the reading of the charges at the July 25, 2006 Board meeting.  Therefore, the event upon which the claims against defendant Bristol are based occurred on February 16, 2006 and the limitations period on plaintiff's action against him based upon that event began to run at that time.

Therefore, if the one year and ninety (90) days statute of limitations set forth in General Municipal Law §50-i(1) applies, the same expired on May 17, 2007.  Yet, plaintiff did not commence this action until September 24, 2007, more than four months later.  (Docket No. 1)

Even if the happening of the even upon which the claims against Bristol are based are considered to have occurred when defendant Bristol spoke with Ms. Travers during her investigation, plaintiff's claims are time barred.

Defendant Bristol spoke to Ms. Travers prior to the issuance of her report.  Ms. Travers issued her report on June 14, 2006.  (See Exhibit F, Docket No. 146-8)  One year and ninety (90) days from that date was September 13, 2007.  Yet the action was not commenced until September 24, 2007.  (Docket No. 1)  Therefore, even under this approach, plaintiff's claims are untimely.

Therefore, the Third, Fourth and Sixth Causes of Action were not interposed timely and they are now time barred and must be dismissed.

**POINT III**

**Plaintiff's Claims Against Defendant Bristol For Defamation, Libel and Slander Must Be Dismissed as No Genuine Issue of Material Fact Exists**

Initially, defendant maintains, as he always has, that the facts set forth in his sexual

harassment complaint against plaintiff are true and, therefore, he has never made any false statement.

Defendant reported these facts to his employer, the District (See Exhibit E, Docket No. 146-7), and, perhaps more significantly, testified to these facts, under oath, at the removal hearing. (See Exhibit B, Docket No. 146-1, p. 7, 9) The mere fact that plaintiff denies the allegations certainly does not make them false.

It is clear from a review of the evidence in this case that defendant Bristol did not state that plaintiff had been a prostitute, as alleged in the Fourth Cause of Action, nor did he report to the police that plaintiff had broken into his construction trailer as alleged in the Sixth Cause of Action.

Plaintiff acknowledged that she has never personally heard defendant Bristol refer to her as a prostitute and the only document she has upon which to base her claim that he made such a statement is the report of Ronni Travers. (Exhibit C-2, Docket No.146-3, p. 104, l. 11-106, l. 12)

Defendant Bristol did not tell Ms. Travers plaintiff had been a prostitute. Rather, he repeated to Ms. Travers that plaintiff's sister, Bridget Matthie, had told him that plaintiff had been a prostitute in New York years before. (Exhibit B, Docket No. 146-1, p. 39-40)

Similarly, contrary to the allegations of plaintiff's counsel, there is no evidence that defendant Bristol ever told the police that plaintiff broke into his construction trailer, as alleged.

Bristol testified at the removal hearing that he called the police regarding the break in. (See Exhibit B, Docket No. 146-1, p. 54-55) Bristol never stated that he told the police plaintiff broke into the trailer. In fact, he was never asked what he told the police. (See Exhibit B, Docket No. 146-1, p. 54-55)

Plaintiff admitted at her deposition that the basis for her claim that defendant Bristol

7

accused her of breaking into the construction trailer is the report of Ronni Travers and that she has never heard that from anyone or anywhere else. (See Exhibit D, Docket No. 146-6, p. 420, l. 16 – p. 421, l. 5)

Based upon plaintiff's own testimony, it is clear that there is no evidence that defendant Bristol made any false statements or that he published the alleged false statements upon which the Third, Fourth and Sixth Causes of Action are based. As such, defendant cannot be held liable to plaintiff.

Therefore, the Third, Fourth and Sixth Causes of Action for defamation, libel and slander must be dismissed against defendant Bristol, as no genuine material issues of fact exist with respect to the same.

**POINT IV**

**In the Alternative, Plaintiff's Claims for Defamation, Libel and Slander Must Be Dismissed as Any Statements Made by Defendant Jeff Bristol Were Protected By a Qualified Privilege**

In the alternative, assuming, arguendo, that defendant Bristol's statements are found to be defamatory, which defendant vehemently denies, plaintiff's Third, Fourth and Sixth Causes of Action for defamation, libel and slander should be dismissed on the ground that defendant's statements were protected by a qualified common interest privilege.

Communications that are protected by a qualified privilege are not actionable unless a plaintiff can demonstrate that the declarant made the statement with malice. Rosenberg v. MetLife, Inc., 8 N.Y.3d 359, 834 N.Y.S.2d 494, 497 (2007); see also, Sanderson v. Bellevue Maternity Hosp., Inc., 259 A.D.2d 888, 890, 686 N.Y.S.2d 535, 537 (3rd Dept. 1999).

Conclusory allegations of malice, or charges based upon surmise, conjecture or suspicion, will not defeat a claim of a qualified privilege. Grier v. Johnson, 232 A.D.2d 846, 849, 648

N.Y.S.2d 764 (3rd Dept. 1996); Paskiewicz v. N.A.A.C.P., 216 A.D.2d 550, 551, 628 N.Y.S.2d 405 (2nd Dept. 1995) *lv denied* 87 N.Y.2d 807, 664 N.E.2d 895, 641 N.Y.S.2d 829 (1996).

Plaintiff has not, and cannot, demonstrate that defendant acted with malice. Her mere conclusory allegations of malice are insufficient to meet her burden. As set forth above, defendant Bristol's statements were true and were made in good faith. Clearly defendant has not acted with malice. Further, as set forth above and in defendant's moving papers, defendant Bristol never published any of the allegedly defamatory statements.

Therefore, plaintiff's Third, Fourth and Sixth Causes of Action for defamation, libel and slander should be dismissed against defendant Bristol, as no genuine material issues of fact exist with respect to the same.

## CONCLUSION

For all of the reasons set forth herein and in the moving papers, defendant Jeff Bristol's motion for summary judgment should be granted in its entirety, pursuant to Fed. R. Civ. P. 56(b), and Plaintiff's Amended Complaint should be dismissed, in its entirety, with prejudice, along with such other and further relief which as to the Court seems just and proper.

DATED:   February 4, 2010

                         Yours etc.,
                         **FitzGerald Morris Baker Firth P.C.**

                          s/ Jill E. O'Sullivan
         By:   Jill E. O'Sullivan, Esq.
                 Bar Roll No. 510593
                 Attorneys for Defendant, Jeff Bristol
                 16 Pearl Street
                 P.O. Box 2017
                 Glens Falls, NY 12801
                 Tel.:   (518) 745-1400
                 Fax:   (518) 745-1575
                 Email: jeo@fmbf-law.com