UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**PEGGY MOUSAW**,

                              *Plaintiff*,

        -vs-

**BOARD OF EDUCATION of the COLTON PIERREPONT CENTRAL SCHOOL DISTRICT, STEPHEN KNIGHT, JEFFREY ANGLEBERGER, SHARON ANDREWS, SUSAN COLLINS, SHELLI PRESPARE-WESTON AND LAWRENCE PECK, Individually and in their capacity as School Board Members, MARTIN BREGG, Individually and as Superintendent of Schools, ANDREW SILVER, ESQ., Individually and in his capacity as Attorney for the Colton-Pierrepont Central School District, DAVID WHITE, Individually and in his capacity as Business Manager, District Treasurer and Investment Officer, and JEFF BRISTOL, Individually and in his capacity as Clerk of the Works, PUBLIC SECTOR H.R. Consultants, L.L.C. and RONNI TRAVERS, and R.P. TROUTMAN AND ASSOCIATES, INC., Individually, and in their capacity as Investigators for the Colton-Pierrepont Central School District,**

                              *Defendants.*

Civil Action No. 7:07-cv-1006

(DNH/GJD)

---

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SILVER'S MOTION FOR SUMMARY JUDGMENT

**HISCOCK & BARCLAY, LLP**
Attorney for Defendant Silver
Office and Post Office Address
One Park Place
300 South State Street
Syracuse, New York 13202-2078
Telephone: (315) 425-2805
Facsimile: (315) 703-6247
E-Mail: mlarkin@hblaw.com

Matthew J. Larkin
Matthew J. Skiff
  *of Counsel*

SYLIB01\743416\1

# TABLE OF CONTENTS

**PAGE**

**TABLE OF AUTHORITIES**..................................................................................................ii

**INTRODUCTION**..................................................................................................................1

**ARGUMENT**..........................................................................................................................2

    A. Plaintiff's causes of action for Defamation, Libel and Slander against Silver should be dismissed......................................................................................................2

        I) Plaintiff Cannot Meet the Elements of Defamation in New York........2

        II) Silver Did Not Act with Actual Malice..................................................3

        III) Silver is Entitled to Absolute Immunity Based on the Immunity of the Board..........................................................................................................5

        IV) Silver Held a Qualified Privilege to Speak.............................................6

    B. Plaintiff's causes of action for Violation of 42 U.S.C. § 1983 – First Amendment and Retaliation in Violation of First Amendment Rights should be dismissed......................................................................................................................8

**CONCLUSION**....................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**     **PAGE**

*Bingham v. Gaynor*, 203 N.Y. 27 (N.Y. 1911)..........................................................................7, 8

*Cordova v. Vaughn Municipal School District Board of Ed.*, 3 F.Supp.2d 1216 (D.N.M. 1998)..............................................................................................................9, 10

*Dillon v. City of New York*, 261 A.D.2d 34, 704 N.Y.S.2d 1 (1st Dep't 1999)..............................2

*Goetz v. Windsor Central School District*, 593 F.Supp. 526 (N.D.N.Y. 1984)..............................9

*Harvey v. Harvey*, 949 F.2d 1127 (11th Cir. 1992)........................................................................9

*Paskiewicz v. N.A.A.C.P.*, 216 A.D.2d 550, 628 N.Y.S.2d 405 (2d Dep't 1995)..........................7

*New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S. Ct. 710 (1964)............................................3

*Supan v. Michelfeld*, 97 A.D.2d 755, 468 N.Y.S.2d 384 (2d Dep't 1983).....................................5

*Youmans v. Smith*, 1534 N.Y. 214 (N.Y. 1897)..............................................................................6

**STATUTES**

42 U.S.C. § 1983..............................................................................................................................9

Fed. R. Civ. P. 56............................................................................................................................2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**PEGGY MOUSAW**,

          *Plaintiff*,

  *-vs-*

**BOARD OF EDUCATION of the COLTON PIERREPONT CENTRAL SCHOOL DISTRICT, STEPHEN KNIGHT, JEFFREY ANGLEBERGER, SHARON ANDREWS, SUSAN COLLINS, SHELLI PRESPARE-WESTON AND LAWRENCE PECK, Individually and in their capacity as School Board Members, MARTIN BREGG, Individually and as Superintendent of Schools, ANDREW SILVER, ESQ., Individually and in his capacity as Attorney for the Colton-Pierrepoint Central School District, DAVID WHITE, Individually and in his capacity as Business Manager, District Treasurer and Investment Officer, and JEFF BRISTOL, Individually and in his capacity as Clerk of the Works, PUBLIC SECTOR H.R. Consultants, L.L.C. and RONNI TRAVERS, and R.P. TROUTMAN AND ASSOCIATES, INC., Individually, and in their capacity as Investigators for the Colton-Pierrepont Central School District,**

          *Defendants.*

Civil Action No. 7:07-cv-1006

(DNH/GJD)

### REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SILVER'S MOTION FOR SUMMARY JUDGMENT

#### INTRODUCTION

      This Reply Memorandum of Law is submitted on behalf of Andrew Silver, Esq. ("Silver") in further support of his Motion for Summary Judgment dismissing the Amended Complaint in its entirety. For the reasons that follow, it is respectfully submitted that the plaintiff, Peggy Mousaw ("Plaintiff"), has failed to raise any questions of fact as to her causes of

action against Silver.  Therefore, Plaintiff's Complaint should be dismissed as against Silver pursuant to Federal Rule of Civil Procedure ("F.R.C.P.") 56.

## ARGUMENT

**A.   Plaintiff's causes of action for Defamation, Libel and Slander against Silver should be dismissed.**

*I) Plaintiff Cannot Meet the Elements of Defamation in New York*

As discussed more fully in Silver's Memorandum of Law in support of his motion for summary judgment, Plaintiff must show each of the seven elements of slander in New York in order to succeed.  *See*, e.g., *Dillon v. City of New York*, 261 A.D.2d 34, 37-38, 704 N.Y.S.2d 1, 5 (1st Dep't 1999).  Plaintiff cannot meet all of the elements required.  Specifically, Plaintiff cannot meet the initial element that Silver made a defamatory **statement of fact**.  In opposition to this motion, Plaintiff purports to address this issue, but merely claims that the charges read by Silver constitute defamation *per se* and are not opinion because the charges are capable of being proven true or false. [*See* **Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment of Defendant Andrew Silver, Esq. ("Plaintiff's Memo of Law"), p. 11 – 12**]

Plaintiff, however, has not addressed Silver's central argument: that the reading of the charges cannot constitute defamation, not because they are statements of opinion, but because they are not statements of Silver.  It is uncontested that Silver made no indication as to the truth or falsity of the statements and merely read the charges that were drafted based on the direction of the Board.  [*See* **the Declaration of Matthew J. Larkin, Esq. ("Larkin Dec.") dated December 4, 2009, Exhibit "F," p. 201, ll. 8 – 15**] The only statement that Silver made at the meeting was true, that Plaintiff had been charged with the actions contained in defendant Jeff Bristol's ("Bristol") Complaint.  [**Dkt 82 at ¶ 31; the Declaration of Andrew Silver, Esq.**

**dated December 4, 2009 ("Silver Dec."), Exhibit "W";** *see* **Larkin Dec., Exhibit "F," p. 201, ll. 8 – 18**] Therefore, because Plaintiff has offered no evidence that Silver made any statements of fact regarding the charges, other than merely reading them aloud, the elements of defamation cannot be met and Plaintiff's cause of action should be dismissed as a matter of law.

*II) Silver Did Not Act with Actual Malice*

Assuming, *arguendo*, that Plaintiff can establish the elements of defamation, as more fully discussed in Silver's Memorandum of Law in Support of this motion, Plaintiff, as a public figure, must show that Silver knew that Bristol's statements were false or demonstrated a reckless disregard for whether they were true. *New York Times Co. v. Sullivan,* 376 U.S. 254, 279-280, 84 S. Ct. 710, 726 (1964).

In opposition to this motion, Plaintiff provides no evidence that Silver knew the accusations of Bristol to be false. [*See* **Plaintiff's Memo of Law, pp. 12 – 15**] Instead, Plaintiff attempts to show that Silver acted with reckless disregard for the truth. [*See* **Plaintiff's Memo of Law, pp. 12 – 15**] This assertion is not supported by the evidence in the record and is belied by Plaintiff's own testimony.

Plaintiff argues that Silver should have known that the charges were false because he testified that he would have liked to see more clarity in investigator Ronni Travers's ("Travers") Report and because he corroborated Plaintiff's alibi. [*See* **Plaintiff's Memo of Law, p. 12**] First, Plaintiff's alibi argument is undermined by her deposition testimony where she admitted that she did not claim that Silver should have known that Bristol's claims were false because she and Silver met that morning. [*See* **Larkin Dec., Exhibit "F," p. 146, ln. 22 – p. 147, ln. 4**] Second, she testified that it was possible for her to meet with Silver in Canton and be at Bristol's trailer at Colton-Pierrepont Central School in the same morning. [*See* **Larkin Dec., Exhibit**

**"F," p. 147, ll. 5 – 14**] Since Plaintiff has admitted that her alleged meeting with Silver on the morning of October 27, 2005 does not prove Bristol's allegations were untrue, Plaintiff cannot establish that Silver acted with reckless disregard to whether the charges were true.

Plaintiff's claim that Silver should have known Bristol's allegations were false due to the shortcomings in Travers's Report is equally misguided. While Silver did not agree entirely with Travers's Report in a number of instances, that alone could not create a reckless disregard for the truth of Bristol's allegations. [*See* **Larkin Dec., Exhibit "I," p. 80, ln. 13 – p. 81, ln. 17**] Silver specifically testified that he had no reason to believe that Bristol was not being truthful. [*See* **Larkin Dec., Exhibit "I," p. 175, ll. 12 – 20**] Silver did not substantially participate in the investigation or ever formulate an opinion as to whether Bristol's allegations were true. [*See* **Larkin Dec., Exhibit "I," p. 73, ln. 2 – p. 74, ln. 3;** *see also* **Silver Dec., ¶ 19**] Plaintiff specially points to Silver's concerns that Travers's may have drawn a negative inference regarding Plaintiff's unwillingness to cooperate with the investigation and the lack of forensic evaluation of Bristol's log. [*See* **Plaintiff's Memo of Law, p. 13**] Neither of these instances are strong enough, given the lack of evidence produced during the investigation disputing Bristol's claims, to rise to the level of reckless disregard for the truth. This is especially true given the fact that Silver was not required to make a decision on who was being truthful, rather he was merely discharging the duties asked to him by the Board.

Plaintiff also makes two ancillary points which are mere distractions from the true issues and elements of Plaintiff's claim against Silver. First, Plaintiff points to the District's use of a Voice Stress Analysis ("VSA") test to determine the truthfulness of Bristol's statement. [*See* **Plaintiff's Memo of Law, pp. 13 – 14**] Silver, at the direction of defendant Martin Bregg ("Bregg"), located a firm specializing in VSA tests and Bristol willingly submitted to one. [*See*

**Silver Dec., ¶¶ 31 – 32**]   Plaintiff was offered the opportunity and declined.  [*See* **Silver Dec., Exhibit "N;" Larkin Dec., Exhibit "F," p. 178, ln. 11 – p. 179, ln. 22**]   Whether the VSA was illegal, improper or unpersuasive is wholly irrelevant to Silver's knowledge of the falsity of Bristol's allegations.  In fact, if Silver relied on the fact that Bristol took, and passed, a VSA, that would demonstrate that Silver considered the evidence compiled during the investigation, and certainly could not be characterized as Silver acting with reckless disregard for the truth.

Plaintiff also attempts to confuse the issues before the Court with a discussion of the reasons that Silver determined the charges should be read in public session on July 25, 2006. [*See* **Plaintiff's Memo of Law, pp. 14 – 15**]   The record is clear on Silver's reasoning that formed the basis of his recommendation that the reading of the charges, and the subsequent vote, must be done in public session.  [*See* **Silver Dec., ¶¶ 52 – 59**]   Further, it is wholly irrelevant to any discussion of whether Silver should have known that Bristol's allegations were false and demonstrates the lack of any true basis for the claims she makes against Silver.

*III) Silver is Entitled to Absolute Immunity Based on the Immunity of the Board*

Assuming*, arguendo*, that Plaintiff can establish the elements of defamation and actual malice with respect Silver's reading of the charges, he is still shielded by an immunity given to members of a board of education in defamation claims.  *Supan v. Michelfeld*, 97 A.D.2d 755, 757, 468 N.Y.S.2d 384, 387 (2d Dep't 1983).

Plaintiff fails to establish that Silver was not speaking on behalf of the defendant Board of Education (the "Board") at the time of the reading of the charges.  Instead, the record shows that Silver was acting entirely as an agent of the Board when writing and reading the charges against Plaintiff.  [*See* **Silver Dec., ¶ 63; Larkin Dec., Exhibit "F," p. 97, ln. 22 – p. 98, ln. 8; p. 103, ll. 8 – 11; p. 204, ln. 17 – p. 205, ln. 10**]   Further, Plaintiff failed to establish that the

reading and voting of the charges was not in furtherance of the Board's, and thus Silver's, discharge of its duties. Plaintiff's claims that Silver was no longer discharging his duties when the Board left executive session is without merit and unsupported by any of the case law cited by Plaintiff or any evidence in the record.

Plaintiff's opposition to Silver's claim of absolute immunity includes a lengthy discussion regarding whether Silver is entitled to immunity as an attorney. [*See* **Plaintiff's Memo of Law, pp. 15 – 16**] Silver has not made this claim and is claiming immunity solely based on his relationship as an agent of the Board, which enjoys absolute immunity. Further, to the extent that the Court of Appeals decision in *Youmans v. Smith*, which is cited by Plaintiff, is controlling, the record demonstrates that Silver acted entirely within his duties as an agent of the Board and fully within the context of its directives, rather than "in order to gratify [his] own vindictive feelings," as Plaintiff baselessly claims. *See Youmans v. Smith*, 153 N.Y. 214, 219-220 (N.Y. 1897).

Finally, despite Plaintiff's examination into the controlling aspects of Public Officer's Law § 105 and Silver's recommendation to the Board that the charges must be read in public session, those arguments have no bearing on whether Silver is entitled to an immunity from Plaintiff's defamation claim based on his acting as an agent of the Board. [*See* **Plaintiff's Memo of Law, pp. 17 – 18**] Thus, if Plaintiff is able to establish the elements of defamation and that Silver acted with actual malice, her defamation action should still be dismissed based on Silver's absolute immunity as an agent of the Board.

*IV) Silver held a Qualified Privilege to Speak*

Finally, if Plaintiff is able to establish the elements for defamation and that Silver acted with actual malice and that Silver did not possess an absolute immunity, Silver still held a

qualified privilege when he read the charges.  Once a qualified privilege is established, the burden shifts to the plaintiff to offer "evidentiary facts" of bad faith and that the defendant was motivated "solely by malice."  *Paskiewicz v. N.A.A.C.P.*, 216 A.D.2d 550, 551, 628 N.Y.S.2d 405, 407 (2d Dep't 1995).  "Mere conclusory allegations, or charges based upon surmise, conjecture, and suspicion are insufficient to defeat the claim of qualified privilege."  *Id.*  Here, Plaintiff has offered no "evidentiary facts" of Silver's bad faith or that he was motivated "solely by malice."  Instead Plaintiff makes only conclusory allegations that Silver was acting with some unidentified malicious intent towards Plaintiff.

Plaintiff's opposition to Silver's qualified privilege relies almost exclusively on the New York Court of Appeals decision in *Bingham v. Gaynor*, 203 N.Y. 27 (N.Y. 1911).  A close reading of the Court of Appeals decision in *Bingham*, however, demonstrates the qualified privilege that Silver possessed in reading the charges on July 25, 2006.  *See Bingham v. Gaynor*, 203 N.Y. 27 (N.Y. 1911).  *Bingham* states that when a person has an interest in a public official, that person may make a statement to the public official's superior without liability if the statement is made with good faith and in the performance of that duty.  *Id.* at 32.  Silver had a duty, through his relationship with the Board and at its direction, to inform the Board of the charges brought against Plaintiff.

While *Bingham* does provide some limitations to the privilege, it explicitly extends the privilege to "a fair and honest statement of actual facts relating to public acts."  *Bingham*, 203 N.Y. at 33.  Plaintiff's attempts to paint Silver's reading of the charges as salacious and malicious entirely mischaracterizes Silver's actions.  Silver read the charges, verbatim, that Bristol had levied against Plaintiff, without providing any commentary on the charges themselves.  [*See* **Larkin Dec., Exhibit "F," p. 201, ll. 8 – 18**]  The fact that some of those

accusations may have been salacious in content, does not remove Silver's reading of the charges from the qualified privilege granted to Silver for the purpose of informing the Board of the charges. Thus, Plaintiff's arguments that no qualified privilege can exist fails and Plaintiff's cause of action for defamation should be dismissed.

Silver should be granted summary judgment and Plaintiff's cause of action for defamation should be dismissed as a matter of law because: (1) Silver did not make a statement of fact by reading the charges against Plaintiff; (2) Plaintiff has not demonstrated that Silver acted with knowledge that the charges were false or with reckless disregard for the truth; (3) Silver was acting at the direction of the Board and absolute immunity to defamation claims held by the Board should be extended to him; and (4) Silver held an interest in reading the charges and both the Board and the public had a similar interest in hearing the charges, which created a qualified privilege in Silver's reading of the charges. Therefore, for the reasons stated above and in Silver's initial moving papers, Silver should be granted summary judgment and Plaintiff's cause of action for defamation should be dismissed.

**B.      Plaintiff's causes of action for Violation of 42 U.S.C. § 1983 – First Amendment; and Retaliation in Violation of First Amendment Rights against Silver should be dismissed.**

As an initial matter, Plaintiff has failed to offer any admissible evidence that she was deprived of her right of free speech in violation of 42 U.S.C. § 1983 by any of the actions of Silver and she has failed to show that she suffered any adverse employment action, or any action, as a result of her speech on a matter of public concern. [*See* **Plaintiff's Memo of Law, Point II, pp. 20 – 25**] Indeed, Plaintiff has not even addressed the issues raised in Silver's moving papers.

Further, contrary to Plaintiff's assertions in opposition to this motion, Silver was not a state actor for the purposes of a 42 U.S.C. § 1983 claim. Silver, a private party, can only be a

state actor in "rare circumstances." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992). Further, this Court in *Goetz v. Windsor Central School District*, 593 F.Supp. 526, (N.D.N.Y. 1984), stated that an attorney, "acting in his professional capacity while representing a client," is not a state actor for the purposes of a 42 U.S.C. § 1983 claim. *Id*. at 528. At all times during the conduct alleged by Plaintiff, Silver was acting as an attorney while representing the Board. [*See* **Silver Dec., ¶ 63**] Plaintiff cites to *Cordova v. Vaughn Municipal School District Board of Ed.*, 3 F.Supp.2d 1216, (D.N.M. 1998), to demonstrate that *Goetz* holds little weight. Silver's actions, however, are easily distinguished from the alleged actions of the attorney in *Cordova*. In *Cordova*, the District Court for the District of New Mexico refused to apply *Goetz* because the school board's attorney had allegedly participated in the investigation of the plaintiff, participated in the decision to reprimand plaintiff and participated in the final decision to discharge plaintiff. *Cordova*, 3 F.Supp.26 at 1220 – 1221. While Plaintiff has accused Silver of participating in the investigation of Plaintiff and decisions regarding that investigation, the testimony and evidence in the record supports Silver's claim that he did not participate in the investigation. [*See* **Silver Dec., ¶¶ 19 and 36; Exhibit "O**;" *see also* **Larkin Dec., Exhibit "I," p. 73, ln. 2 – p. 74, ln. 3; Exhibit "K," p. 164, ln. 19 – p. 165, ln. 20**] Further, the plaintiff in *Cordova* had a much lower standard than Plaintiff holds now, in that *Cordova* dealt with a pre-Answer motion to dismiss and merely required that the plaintiff allege that the defendant attorney engaged in joint activity with the school board defendants. *Id.* at 1221. Thus, the decision in *Cordova* is distinguishable from the present case and under this Court's decision in *Goetz*, Silver's conduct cannot constitute action under color of state law for the purposes of section 1983 and these claims against Silver must be dismissed as a matter of law.

## CONCLUSION

On the basis of the record, which includes: the pleadings, interrogatories, depositions, the admissions made in the deposition of Plaintiff and the Silver Declaration, Plaintiff cannot demonstrate that Silver made a statement that constitutes defamation or that he was acting with actual malice. Further, Silver was not a state actor and did not commit any actions that Plaintiff can establish as an attempt to quiet her speech or as a retaliation under 42. U.S.C. § 1983. Thus, Silver is entitled to summary judgment as a matter of law pursuant to F.R.C.P. 56 on all causes of action.

**DATED:**   February 5, 2010                                  **HISCOCK & BARCLAY, LLP**

                                                               By: s/ Matthew J. Larkin
                                                                   Matthew J. Larkin
                                                                   Bar Roll No. 514240

                                                               *Attorneys for Defendant*
                                                               Andrew Silver, Esq.
                                                               Office and Post Office Address
                                                               One Park Place
                                                               300 South State Street
                                                               Syracuse, New York 13202-2078
                                                               Telephone:   (315) 425-2805
                                                               Facsimile:   (315) 703-6247
                                                               E-Mail:  mlarkin@hblaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2010, I filed a copy of the foregoing Reply Memorandum of Law with the Clerk of the Court via the CM/ECF system which gave notice to the following attorney for the plaintiff:

> Stephen Ciotoli, Esq.
> Attorneys for Plaintiff
> Office and Post Office Address
> 7202 East Genesee Street
> Fayetteville, New York 13066
> Telephone: (315) 451-3810

And the following attorney's for defendants:

> Jill E. O'Sullivan, Esq.
> FitzGerald, Morris Law Firm
> Attorneys for Jeffrey Bristol
> One Broad Street Plaza
> Glens Falls, NY 12801
> 518-745-1400
> Fax: 518-745-1576
> Email: jeo@fmbf-law.com
>
> Claudia A. Ryan, Esq.
> Towne, Ryan & Partners, PC
> Attorneys for Board of Education of the Colton-Pierrepont Central School District, Stephen Knight, Jeffrey Angleberger, Sharon Andrews, Susan Collins, Shelli Prespare-Weston, Lawrence Peck, Martin Bregg and David White
> 450 New Karner Road
> PO Box 15072
> Albany, New York 12205
> Telephone #:  (518) 452-1800
> Fax #:  (518) 452-6435
>  E-Mail:  claudia.ryan@townelaw.com

>> s/ Matthew J. Skiff
>> Matthew J. Skiff
>> Bar Roll No. 514607